PARRO, J.
 

 |2This is an appeal by an employer of a judgment in a workers’ compensation proceeding in favor of the claimant awarding benefits, penalties, and attorney fees. For the following reasons, the judgment is vacated in part and affirmed in part.
 

 Initially, the employer, Terrebonne General Medical Center (TGMC), challenged the workers’ compensation judge’s finding that the claimant, Teresa Quick (Quick), was temporarily, totally disabled as the result of an accident on August 26, 2007, and entitled to workers’ compensation benefits notwithstanding the fact that her orthopedist of choice, Dr. William H. Kin-nard, issued a report indicating that she had a multitude of complaints that he felt were excessive and indicative of symptom magnification. In his October 16, 2007 report, Dr. Kinnard opined that Quick should be capable of returning to work without restrictions in one week.
 
 [1]
 

 
 *289
 
 After a thorough review of the record and relevant jurisprudence, and considering the credibility findings by the workers’ compensation judge (WO), we find that the WCJ’s extensive oral reasons for judgment adequately explain the decision with respect to the claimant’s entitlement to workers’ compensation benefits for temporary total disability. As this issue involves no more than an application of well-settled rules to a recurring fact situation, we affirm the portion of the judgment awarding temporary total disability benefits.
 

 TGMC also urged that the WCJ erred in finding that Quick was entitled to medical expenses once she had been released to return to work without restrictions by Dr. Kinnard. The employer’s duty to furnish medical expenses is |3governed by LSA-R.S. 23:1203(A), which in part provides:
 

 In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services....
 

 Concerning medical treatment, LSA-R.S. 23:1142, in pertinent part, further provides:
 

 B. Nonemergency care. (1) Except as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemer-gency diagnostic testing or treatment without the mutual consent of the payor and the employee as provided by regulation. Except as provided herein, that portion of the fees for nonemergency services of each health care provider in excess of seven hundred fifty dollars shall not be an enforceable obligation against the employee or the employer or the employer’s workers’ compensation insurer unless the employee and the payor have agreed upon the diagnostic testing or treatment by the health care provider.
 

 * * *
 

 C. Emergency care....
 

 (2) Fees for those services of the health care provider held not to have been of an emergency nature shall not be an enforceable obligation against the employee or the employer or the employer’s workers’ compensation insurer unless the employee and the payor have agreed upon the treatment or diagnostic testing by the health care provider, except as provided in R.S. 23:1272(D).
 

 [[Image here]]
 

 E. Exception. In the event that the payor has denied that the employee’s injury is compensable under this Chapter, then no approval from the payor is required prior to the provision of any diagnostic testing or treatment for that injury.
 

 According to subsection E, when compens-ability is denied, no approval by the employer or payor is required for testing or treatment.
 
 [2]
 

 Stewart v. Livingston Parish School Bd.,
 
 07-1881 (La.App. 1st Cir.5/2/08), 991 So.2d 469, 475. The statute does not specify “when” or “how” a denial of compensability must occur; it merely states that if the payor denies that an injury is compensable, the employee
 
 *290
 
 need not seek approval for medical treatment.
 
 Id.
 

 Relying on Dr. Kinnard’s report, TGMC denied liability for any treatment rendered after October 26, 2007. Accordingly, we agree with the WO that such denial of compensability triggered the exception in LSA-R.S. 23:1142(E).
 
 See Stewart,
 
 991 So.2d at 475-76. After a thorough review of the record and relevant jurisprudence, and considering the credibility findings by the WCJ, we are unable to find manifest error in the WCJ’s finding that Quick was entitled to reasonable and necessary medical treatment without approval even though she had been released to return to work by Dr. Kinnard.
 
 See
 
 LSA-R.S. 23:1203(A).
 

 Nonetheless, TGMC urged that the WO erred in ordering it to pay for the care and treatment that Quick received at Ochsner Medical Center (Ochsner Clinic) for pain management purposes, as well as related expenses.
 
 [3]
 
 This argument is in part based on lack of proof. In connection with a motion to strike by TGMC, the WO disallowed the introduction of the uncertified medical records from Ochsner Clinic. To recover past medical expenses, Quick had to establish the amount of such expenses.
 
 See Lanoue v. All Star Chevrolet,
 
 03-0012 (La.App. 1st Cir.11/7/03), 867 So.2d 755, 761. The record lacks evidence of the medical bills and itemization of expenses paid to Ochsner Clinic by Quick and her insurer, most likely due to the exclusion of the Ochsner Clinic records by the WCJ. In the absence of proof of the expenses for treatment rendered by Ochsner Clinic, we vacate the portion of the judgment awarding past medical expenses and related expenses for treatment rendered by Ochsner Clinic.
 
 [4]
 

 TGMC next asserted that the WCJ erred in assessing penalties and attorney fees against it. After a thorough review of the record and relevant jurisprudence, and considering the credibility findings by the WCJ, we find that the WCJ’s extensive oral reasons for judgment adequately explain her decision with respect to the claimant’s entitlement to penalties and attorney fees for TGMC’s failure to pay medical expenses related to her emergency room care and its four-day delay in authorizing follow-up care by her family physician. As the issue involves no more than an application of well-settled rules to a recurring fact situation, we affirm the portion of the judgment awarding penalties and attorney fees.
 

 Quick answered the appeal and requested additional attorney fees for the work necessitated by the appeal. Additional attorney fees are usually awarded on appeal when a party appeals, obtains no relief, and the appeal has necessitated additional work on the opposing party’s counsel, provided that the opposing party ap-
 
 *291
 
 propriately requests an increase.
 
 Loup v. Louisiana State Sch. for the Deaf,
 
 98-0329 (La.App. 1st Cir.2/19/99), 729 So.2d 689, 694;
 
 see Hall v. McDonald Insulation,
 
 537 So.2d 328, 333-34 (La.App. 1st Cir.1988). Because TGMC has obtained relief on the appeal, we do not award additional attorney fees to Quick for the appeal.
 
 See Ibrahim v. Hawkins,
 
 02-0350 (La.App. 1st Cir.2/14/03), 845 So.2d 471, 485;
 
 Guidry v. Millers Cas. Ins. Co.,
 
 01-0001 (La.App. 1st Cir.6/21/02), 822 So.2d 675, 684.
 

 For the foregoing reasons, we vacate those portions of the judgment of the Office of Workers’ Compensation Administration declaring that Ochsner Clinic is a health care provider who must be paid “directly for all past medical benefits incurred by ... Quick which was related to or was a consequence of the accident of August 26, 2007, including but not limited to prescription | f,medication, medical visits, diagnostic tests or treatment,” and ordering reimbursement to Quick “for all past medical benefits incurred by her which was related to or was a consequence of the accident of August 26, 2007, including but not limited to co-payments for and/or out of pocket expenses for prescription medication, medical visits, medical treatment, medical tests or mileage” relating to the care rendered by Ochsner Clinic. Otherwise, the judgment is affirmed in accordance with URCA Rule 2-16.2(A)(2), (4), (5), (6), and (8). Costs of this appeal are assessed to Terrebonne General Medical Center.
 

 VACATED IN PART AND AFFIRMED IN PART.
 

 [1]
 

 . In a letter dated November 12, 2009, Quick’s treating family physician, Dr. Richard Haydel, wrote that he was treating Quick for a back injury and she could not return to work. In a November 26, 2007 letter, Dr. Haydel further voiced his disagreement with Dr. Kinnard's opinion. He stated that Quick was still exhibiting back and hip pain and requested that she be given the opportunity to get a second opinion from another orthopedic surgeon or a neurosurgeon.
 

 [2]
 

 . As previously stated, reimbursement of all medical expenses is limited to those that are necessary. LSA-R.S. 23:1203(A).
 

 [3]
 

 . Louisiana Revised Statute 23:1203(D) provides:
 

 In addition, the employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the medical services, medicines, and prosthetic devices, which the employer is required to furnish under this Section, and for the vocational rehabilitation-related mileage traveled by the employee at the direction of the employer. When the employee uses his own vehi-ele, he shall be reimbursed at the same rate per mile as established by the state of Louisiana for reimbursement of state employees for use of their personal vehicle on state business. The office shall inform the employee of his right to reimbursement for mileage.
 

 [4]
 

 . Furthermore, we note that an award of past medical expenses should reflect the specific dollar amount that the employer must pay to the claimant. See
 
 Stewart,
 
 991 So.2d at 477.