SANJANETTE RIXNER

VERSUS

JEFFERSON PARISH HOSPITAL SVC.
DISTRICT NO. 2

NO. 24-CA-74

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION,
DISTRICT 7, STATE OF LOUISIANA
NO. 22-253,
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING

October 30, 2024

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
John J. Molaison, Jr., and Scott U. Schlegel

<u>**AFFIRMED**</u>
    **FHW**
    **JJM**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
SANJANETTE RIXNER
    Michelle M. Sorrells

COUNSEL FOR DEFENDANT/APPELLEE,
JEFFERSON PARISH HOSPITAL DISTRICT NO. 2
    Adam M. Stumpf

**WICKER, J.**

Claimant seeks review of the workers' compensation court's October 9, 2023 judgment rendered in favor of her former employer, dismissing her claim for reimbursement of medical expenses for shoulder surgery. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 27, 2013, claimant, Sanjanette Rixner, filed a disputed claim for compensation in the Office of Workers' Compensation against her employer, Jefferson Parish Hospital Service District #2, d/b/a East Jefferson General Hospital ("East Jefferson"), alleging she suffered injuries to her neck and left arm as a result of a work-related accident that occurred on December 13, 2012.[1] Ms. Rixner contends she was assisting in bathing an obese patient when she felt pain in her neck, arm, and shoulder, particularly on the left side. The parties proceeded to trial on August 27, 2014. On December 4, 2014, the workers' compensation court rendered a judgment finding Ms. Rixner injured her neck and left arm on December 13, 2012, while in the course and scope of her employment with East Jefferson, and awarding indemnity and medical benefits.

Several years later, on January 19, 2022, Ms. Rixner filed a new, disputed claim for compensation against East Jefferson, seeking reimbursement for medical expenses incurred for left shoulder surgery she underwent in 2021, as well as penalties and attorney fees. According to Ms. Rixner, East Jefferson is responsible for her surgery expenses, because her shoulder injury was caused by the December 13, 2012 work-related accident.

Trial of this matter was held on May 4, 2023. At trial, the parties submitted several joint exhibits, including Ms. Rixner's discovery responses and medical

---

[1] Claimant had two additional work-related accidents at East Jefferson, on December 7, 2011 and October 2, 2012. However, the December 13, 2012 accident is the only work-related accident at issue in this case.

24-CA-74                                                    1

records. The issue for the Court to consider was whether Ms. Rixner's left shoulder surgery was related to or caused by the December 13, 2012 work-related accident and thus, compensable.

The only witness called to testify at trial was Ms. Rixner, who stated that on December 13, 2012, she was working as a nurse at East Jefferson and was helping to bathe an obese patient by lifting and holding up her arm, when she felt pain in her arm, shoulders, and neck area. She testified she ignored the pain in her neck and shoulder for about two weeks, but then saw Dr. Brett Rothaermel at East Jefferson Occupational Clinic on January 3, 2013, with complaints of pain in her neck and her arm.

The medical records from Ms. Rixner's January 3, 2013 visit to Dr. Rothaermel indicate Ms. Rixner reported pain in her left shoulder and arm, and tenderness and soreness in her left arm after the incident. The records indicate she also had longstanding neck and lower back pain. Dr. Rothaermel's diagnosis was a left shoulder strain with radiculopathy. Ms. Rixner saw Dr. Rothaermel again on March 22, 2013, with complaints of neck, left shoulder, and arm pain.

According to Ms. Rixner, the next doctor she saw was Dr. Rand Voorhies, a neurosurgeon, with complaints of neck, shoulder, and back pain, as well as pain radiating down her arm. The medical records show she was examined by Dr. Voorhies on June 20, 2013, and he found she had full range of motion in her shoulders and no tenderness over the shoulder. On August 15, 2013, Ms. Rixner saw Dr. Horace Mitchell, a neurosurgeon, with complaints of neck, arm, and left shoulder pain. Ms. Rixner testified that Dr. Mitchell recommended neck surgery. The records also show she saw Dr. Eric Lonseth for pain management days later on August 21, 2013, and he found she had full range of motion and no tenderness in her left shoulder.

Ms. Rixner testified she had neck surgery in October of 2013, and she had two back surgeries in 2015. She began treating with Dr. Patrick Waring in 2016 for interventional pain management. Ms. Rixner asserts she consistently reported pain in her left shoulder to Dr. Waring, and the records confirm she complained of left shoulder pain at times. She also testified that Dr. Richard Meyer, an orthopedic surgeon, evaluated her in 2019 and found impingement in her left shoulder.

On August 16, 2020, an incident occurred when Ms. Rixner was using the bathroom. She testified that when she started to wipe herself, she heard a clicking sound and her arm "got stuck." Ms. Rixner went to the emergency room the next day for pain in her arm and shoulder. The medical records reflect she reported acute, severe pain in her left shoulder, and that she heard a "pop" and felt "a shooting pain with associated numbness to the left upper extremity" during the bathroom incident. The records after the bathroom incident indicate she had painful, decreased range of motion in her left shoulder, pain with abduction or external rotation, and spasm.

After the bathroom incident and emergency room visit, Ms. Rixner followed up with Dr. Waring for her shoulder pain and also saw Dr. Michael O'Brien. Dr. O'Brien's records indicate she saw him on August 24, 2020, and reported she injured her left shoulder at home on August 16, 2020, when she felt a "pop" in her shoulder while wiping herself in the bathroom. The records indicate she reported pain and numbness in her left arm, was diagnosed with calcific tendonitis and impingement of her left shoulder, and received an injection in her left shoulder.

According to Mr. Rixner, she started physical therapy, and the therapist told her she had a tear in her shoulder and would need surgery. Ms. Rixner testified that Dr. Waring then referred her to Dr. Felix Savoie, an orthopedic surgeon, who ordered an MRI that revealed two tears in her left shoulder, one of which showed

her rotator cuff was almost completely torn off. Dr. Savoie's records indicate he recommended left shoulder surgery.

Ms. Rixner testified that East Jefferson initially agreed to pay for the shoulder surgery, but then denied coverage after it was cancelled and they tried to reschedule it. Nevertheless, Ms. Rixner indicated she had health insurance and Dr. Savoie performed the surgery on her left shoulder in October of 2021.

On cross-examination, Ms. Rixner testified she did not feel a "pop" in her left shoulder during the August 16, 2020 incident when using the bathroom, but she felt some pain. Ms. Rixner denied she injured her left shoulder on August 16, 2020; rather, she maintained the injury occurred during her work-related accident in December of 2012. She asserted she complained of left shoulder pain multiple times prior to August 16, 2020, but she did not have any imaging of her left shoulder before that time, because "[e]verything was focused on my neck." Counsel for East Jefferson asked about the range of motion in her shoulder after the December 13, 2012 accident but prior to August 16, 2020, and Ms. Rixner replied, "[i]t wasn't good at all. That's why I had physical therapy." When counsel showed her a report from Dr. Chadwick Murphy, who examined her on May 24, 2018, Ms. Rixner acknowledged the report indicated she had full range of motion in her left shoulder, but she added, "That's his opinion."

Ms. Rixner also acknowledged she saw Dr. Samer Shamieh on March 13, 2015, and he found she had normal range of motion in her left shoulder, with no tenderness or impingement. Ms. Rixner further agreed she saw Dr. Mehdi Soltani for sleep apnea on August 12, 2016, and his records indicate she reported back and neck pain, but not shoulder pain. She also agreed that Dr. Soltani's records indicate a physical exam was performed and she had full range of motion in her left shoulder.

Additionally, Ms. Rixner acknowledged she saw Dr. Roy Baker in Georgia on June 9, 2014, and his notes indicate she said she could not lift her left arm, but his physical exam revealed she had full range of motion in her left shoulder and no weakness of her upper extremities. When asked if there was any reason why this medical record would be false, Ms. Rixner stated that Dr. Baker was lying because he works with East Jefferson. She also stated that the other doctors who found full range of motion in her left shoulder were mostly second medical opinions and/or worked with East Jefferson.

The record shows that Dr. Savoie, who performed Ms. Rixner's shoulder surgery and whom she classified as a wonderful doctor, did not find her left shoulder injury was related to the December 2012 accident. The record contains a letter from the workers' compensation administrator to Dr. Savoie asking, "Is it your opinion that the current treatment and diagnosis are all related to Ms. Rixner's 12/13/12 work injury?" Dr. Savoie replied on August 2, 2021, "I don't know—see my note & Dr. O'Brien's."

On October 9, 2023, the workers' compensation court rendered a judgment in favor of East Jefferson, finding Ms. Rixner failed to meet her burden of proving her shoulder injury was related to the December 13, 2012 accident and dismissing her case with prejudice. Ms. Rixner appeals.

## LAW AND DISCUSSION

An employee is entitled to workers' compensation benefits if he or she suffers a personal injury by accident arising out of and in the course of her employment. La. R.S. 23:1031(A); *Morris v. Louisiana Machinery Co., L.L.C.*, 12-222 (La. App. 5 Cir. 12/18/12), 106 So.3d 1173, 1179. It is the claimant's burden to prove the chain of causation required by the workers' compensation scheme, by establishing the accident was work-related, that the accident caused injury, and that the injury caused the disability complained of. *Dragon Express v.*

*Chesser*, 09-1041 (La. App. 5 Cir. 5/25/10), 40 So.3d 1030, 1033, *writ denied*, 10-1477 (La. 10/1/10), 45 So.3d 1101.  A claimant must establish a causal connection between the accident and resulting disability by a preponderance of the evidence. *Id.*

The workers' compensation court's determinations as to whether the claimant's testimony is credible and whether the claimant has discharged his/her burden of proof are factual determinations that should not be disturbed on appellate review unless they are manifestly erroneous or clearly wrong.  *Brown v. Entertainment Partners, LLC*, 19-118 (La. App. 5 Cir. 10/2/19), 279 So.3d 1057, 1064; *Dean v. Southmark Construction*, 03-1051 (La. 7/6/04), 879 So.2d 112, 117.  In applying the manifest error standard, the appellate court need not determine whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one.  *Lopez v. Marques Food Distributors*, 11-424 (La. App. 5 Cir. 12/28/11), 80 So.3d 1248; *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La. 1993).  In order to reverse a factual finding of the workers' compensation court, the appellate court must find that a reasonable factual basis does not exist for the court's finding and that the record establishes it is clearly wrong.  *Forbes v. Metropolitan Developmental Center*, 09-901 (La. App. 5 Cir. 3/9/10), 35 So.3d 377, 382; *Mart v. Hill*, 505 So.2d 1120, 1127 (La. 1987).

On appeal, Ms. Rixner argues the trial court erred by finding she failed to meet her burden of proving her left shoulder injury and the resulting surgery were related to the December 13, 2012 work-related accident, and denying her claim for reimbursement for the expenses incurred in connection with the surgery.  She asserts she never had a problem with her left shoulder before the 2012 accident and she has consistently reported left shoulder pain to her doctors since that time.  Therefore, Ms. Rixner claims she is entitled to a legal presumption that her

shoulder problems are related to the accident. Further, she contends that while the bathroom incident aggravated her left shoulder injury, East Jefferson is required to pay for her shoulder surgery expenses, because it is responsible for any aggravation of a work-related injury caused by an activity of daily living.

East Jefferson responds that Ms. Rixner suffered a new, left shoulder injury on August 16, 2020, over 92 months after the December 13, 2012 accident, at her home while using the bathroom, not while she was an employee of East Jefferson. It further states that the December 4, 2014 judgment indicates the court found she injured her left arm in the December 13, 2012 accident, not her left shoulder. East Jefferson asserts that Ms. Rixner did not prove a causal connection between the surgery and the accident by a preponderance of the evidence, and therefore, the court correctly dismissed her claims.

In order to recover the medical expenses for surgery, a claimant must prove by a preponderance of the evidence that the expenses were reasonably necessary for the treatment of a medical condition caused by a work-related injury. *Bush v. Avoyelles Progress Action Comm.*, 07-685 (La. App. 3 Cir. 10/31/07), 970 So. 2d 63, 68. The Louisiana Supreme Court has held that recovery is generally available for all natural consequences that flow from the primary injury absent an independent intervening cause. *Buxton v. Iowa Police Department*, 09-520 (La. 10/20/09), 23 So.3d 275, 284. The key inquiry is the relationship between the second injury and the initial, work-related injury. *Id.*; *Loar v. Luba Worker's Comp Terminix Service Co., Inc.*, 17-683 (La. App. 5 Cir. 9/19/18), 254 So.3d 1267, 1274.

A work-related accident is presumed to have caused a worker's disability if the worker proves that before the accident, she did not have any disabling symptoms, and the disabling symptoms started when the accident occurred. *Namias v. Sunbelt Innovative Plastics, LLC*, 15-1380 (La. App. 1 Cir. 2/24/16),

190 So.3d 745, 753, *writ denied*, 16-482 (La. 5/2/16), 212 So.3d 1168.  However, there must be medical or circumstantial evidence indicating a reasonable possibility of a causal connection between the accident and the disabling condition. *Id.*

In the present case, Ms. Rixner is not entitled to a presumption that the December 2012 accident caused the shoulder injury for which she had surgery. The evidence does not establish a causal connection between the 2012 accident and the tears in her shoulder.  Although the medical records indicate Ms. Rixner complained of left shoulder pain after the 2012 accident and was diagnosed with radiculopathy and impingement, they also show she had full range of motion in her left shoulder prior to the August 2020 incident.  The emergency room records reflect Ms. Rixner reported acute, severe pain in her left shoulder after reaching to wipe herself in the bathroom on August 16, 2020, and she heard a "pop" and felt a shooting pain with numbness in her left upper extremity.  The records do not reflect she had acute, severe pain in her left shoulder or any significant deficiencies in range of motion until after the bathroom incident.

Moreover, Ms. Rixner agreed that none of her doctors recommended an MRI of her left shoulder after the December 2012 work-related accident, and the records do not indicate she suffered any tears to her shoulder prior to the August 16, 2020 incident.  After the bathroom incident, Dr. Savoie recommended an MRI, which revealed two tears in her shoulder.  However, neither Dr. Savoie nor any other doctor related the shoulder surgery to the 2012 accident or found Ms. Rixner was predisposed or more susceptible to a shoulder injury or tear due to the 2012 accident.

In her 2013 disputed claim for compensation, Ms. Rixner sought workers' compensation benefits arising from the December 2012 accident, alleging injuries to her neck and left arm.  In the 2014 judgment, the workers' compensation court

found she injured her neck and left arm in the 2012 accident. Ms. Rixner asserts the 2014 judgment includes her left shoulder, because it is part of her arm. However, the judgment does not refer to her shoulder. Even if we consider the left shoulder to be included in the 2014 judgment, the medical records support a finding that she suffered a new injury, not aggravation of a prior injury, during the bathroom incident.

Ms. Rixner argues that a second injury occurring away from work can be caused by a prior work-related accident and the resulting disability can be compensable, as the Court found in *Carter v. Rockwood Insurance Co.*, 341 So.2d 595 (La. App. 2 Cir. 1977). In *Carter*, the Court found that a second fall, resulting in a fractured leg, was a reasonable, foreseeable, and natural consequence of a prior work-related injury to her knee, and therefore, it was compensable. However, in *Carter*, unlike the present case, the claimant's treating physician opined that the injuries suffered in the work-related accident were a contributory cause of the second accident.

While the records show Ms. Rixner may have suffered some degree of injury to her left shoulder in the 2012 accident, it was Ms. Rixner who bore the burden of establishing a causal connection between the injury requiring surgery and the work-related accident. Where the evidence is evenly balanced or shows only a possibility of a causal connection between the work-related accident and the need for surgery, the claimant fails to meet her burden of proof. *Namias*, 190 So.3d at 753; *Miken Specialties v. Abarca*, 16-231, 16-232 (La. App. 5 Cir. 12/7/16), 209 So.3d 268, 276, *writ denied*, 17-37 (La. 2/10/17), 216 So.3d 45; *Summers v. Ritz-Carlton New Orleans*, 14-800 (La. App. 5 Cir. 5/28/15), 171 So.3d 329, 337, *writ denied*, 15-1256 (La. 9/25/15), 178 So.3d 569.

In the present case, although Ms. Rixner denied injuring her shoulder on August 16, 2020, the emergency room records from the following day indicate she

reported hearing a "pop" and feeling shooting pain during the bathroom incident. Also, Dr. O'Brien's records from just a few days later reflect she reported injuring herself at home on August 16, 2020. It was the workers' compensation court's duty to assess Ms. Rixner's credibility. Further, where no doctor related Ms. Rixner's left shoulder injury to the December 2012 accident and the records show she had full range of motion prior to the August 2020 incident, a finding of causation in this matter could only be based upon speculation, not a preponderance of the evidence.

Based on our review of the entire record and the applicable law, we find the workers' compensation court's determination that Ms. Rixner failed to meet her burden of proving a causal connection between her left shoulder injury and the 2012 accident was reasonable and not manifestly erroneous. Accordingly, we find no error in the workers' compensation court's ruling denying Ms. Rixner's claim for reimbursement of expenses for her left shoulder surgery.

**DECREE**

For the foregoing reasons, we affirm the workers' compensation court's October 9, 2023 judgment, finding Ms. Rixner failed to meet her burden of proof and dismissing her claims against East Jefferson with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 30, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-74

### E-NOTIFIED
OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
MICHELLE M. SORRELLS (APPELLANT)

### MAILED
ADAM M. STUMPF (APPELLEE)
ATTORNEY AT LAW
ONE GALLERIA BOULEVARD
SUITE 1100
METAIRIE, LA 70001