JzHILLARY J. CRAIN, Judge Pro Tem.
This is a suit for a declaratory judgment against the Louisiana Public Service Commission (PSC) to determine whether the PSC has jurisdiction over the South Claiborne Water System (SCWS). The matter was submitted to the trial court on stipulation. From the documents submitted under the stipulation it can be determined that SCWS is a nonprofit corporation organized to estab *461 lish and operate a rural water system. SCWS obtained financing through Farmers Home Administration (FmHA). Appellant, Margaret Peterson owned Pleasure Point Marina, which consists of a mobile home park along with a marina, with a total of 144 water taps. Pleasure Point Marina obtained water from SCWS under a water use agreement.
On September 19, 1989, SCWS increased Peterson’s water rates by charging a minimum for each mobile home. Peterson filed suit for the first time in the Second Judicial District Court, Claiborne Parish, alleging the existence of a Water Use Agreement dated March 16,1976, and further alleging that, by the change in billing, SCWS “breached its contractual obligations to petitioner.” That suit was dismissed by judgment dated October 11,1991, which declined jurisdiction, concluding jurisdiction was in the PSC. That judgment was not appealed.
Thereafter, there was correspondence between the attorney for Peterson, the Secretary of the PSC and various personnel of FmHA Eventually FmHA advised that it had reviewed the rate structure of SCWS and found it appropriate. The PSC simply pointed to FmHA’s authority over SCWS and it’s own resolution of April 18, 1969, exempting FmHA financed water systems from PSC regulation.
On April 28, 1993, Peterson filed this suit for declaratory judgment. On April 12,1994, judgment was signed, dismissing the suit for failure to state a justiciable claim. Peterson appeals that judgment asserting in a single assignment of error that the trial judge erred in dismissing the petition for declaratory judgment for failing to state a justiciable claim. We affirm.
Our Code of Civil Procedure recognizes the availability of declaratory relief. La.C.C.P. arts. 1871-1883. Nevertheless, | .-¡there must exist a concrete, justiciable controversy framing the facts in order to avoid the rendering of an advisory opinion. Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964); Rambin v. Caddo Parish Police Jury, 316 So.2d 499 (La.App.2d Cir. 1975). In Abbott v. Parker, 259 La. 279, 249 So.2d 908, 918 (1971), the court defined “jus-ticiable controversy” as follows: “A ‘justicia-ble controversy' connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract....”
There is a procedure for instituting an adversarial proceeding before the PSC. Rule 18, Rules of Practice and Procedure, Louisiana Public Service Commission. This is done by filing a pleading intended to institute a proceeding before the PSC. This record contains only correspondence between the attorney for Peterson and the Secretary of the PSC. The machinery for formal action of the PSC by the filing of a petition has not been utilized. Consequently, at this point it would be mere conjecture as to whether the PSC would act or decline to act, and what would be the basis for the action or non-action. A court opinion at this point would be. no more than an advisory opinion.
We affirm the judgment of the trial court dismissing appellant’s suit and assess all costs to appellant.
AFFIRMED.