THERIOT, J.
LThe appellant, Donald Normand, seeks review of a judgment rendered in favor of the appellees, Teresa R. Molinere Leone, Nancy Sue Molinere Chaisson, Mary B. Molinere Domangue, Mary Ellery Molin-ere Domangue, Al Lindsey Molinere, Joseph Easton Molinere, Joseph Patrick Molinere, and Terry W. Molinere (collectively “the Molineres”), sustaining the Mol-ineres’ several exceptions, ordering the dismissal of Mr. Normand’s petition for declaratory judgment, and granting the Molineres’ request for sanctions. For the following reasons, we amend the judgment, and we affirm as amended.
FACTS AND PROCEDURAL BACKGROUND
This appeal has a complicated factual and procedural history involving two consolidated lawsuits, dozens of parties, and proceedings spanning the course of over *890 three decades. In October of 1985, the Molineres’ father, Lindsey J. Molinere, filed the first lawsuit at issue on appeal. Mr. Molinere filed suit against twenty named defendants[1] seeking to be recognized as the owner of a certain 3.348-acre tract of immovable property located in Terrebonne Parish, Louisiana (“the subject property”). Mr. Molinere’s petition was assigned to Division “E,” which was then presided over by Judge Paul R. Wim-bish, under docket no. 81,266. The first lawsuit remained actively pending through the early 1990s, when Mr. Molinere entered into a consent agreement with four of the named defendants, the Estate of J. Louis Watkins, and his heirs; Frank Wur-zlow, Jr.; Rhea St. Martin; and Rita La-peyrouse Talbot. The signatory defendants agreed to convey, abandon, and deliver whatever rights they had in the ^subject property to Mr. Molinere. On May 12, 1993, Judge Wimbish signed a consent judgment in accordance with the consent agreement. Following entry of the consent judgment, there were no further proceedings in the first lawsuit involving any of the original parties.
Approximately twenty years later, in February of 2013, Mr. Normand’s wife, Melanie Normand, filed the second lawsuit at issue on appeal. Mrs. Normand filed suit against the Molineres seeking injunctive relief and seeking to establish ownership of the subject property and/or the property adjacent to the subject property. Mrs. Normand’s petition was assigned to Division “A,” presided over by Judge George J. Larke, Jr., under docket no. 168,766. Mrs. Normand claimed that her deceased grandfather, Junius J. Lapeyrouse, was a named defendant in the first lawsuit. Mrs. Normand alleged that she was the successor-in-interest to Mr. Lapeyrouse and that the Molineres were the successors-in-interest to Mr. Molinere. Mrs. Normand claimed that Mr. Lapeyrouse was not a party to the consent judgment and had never been divested of his rights in the subject property. Mrs. Normand therefore claimed that she enjoyed a right and interest in the subject property, and she sought, amongst other things, to enjoin the Molineres from interfering with her lawful use of the property.
In pertinent part, on June 20, 2013, during the pendency of the second lawsuit filed by Mrs. Normand, the parties appeared before Judge Larke for a hearing, whereupon counsel[2] for Mrs. Normand orally moved that the two lawsuits be consolidated. Judge Larke agreed that the two lawsuits should be consolidated and directed counsel to prepare a judgment of consolidation. On July 9, 2013, Judge Larke signed an order which, amongst other things, ordered that Melanie Normand v. Teresa R. Molinere, et al., docket no. |4168,766, be consolidated with Lindsey J. Molinere v. Junius J. Lapeyrouse, et al., docket no. 81,266.
Thereafter, all proceedings relating to the second lawsuit were heard before Division “E,” now presided over by Judge Randall L. Bethancourt. Following various *891 other matters that are not at issue in this appeal, on April 11, 2014, Judge Bethanc-ourt held a hearing on the Molineres’ exceptions to Mrs. Normand’s petition, which included exceptions of res judicata, no right of action, and no cause of action. In open court, Judge Bethancourt granted the exceptions and directed counsel for the Molineres to prepare a final judgment. On April 22, 2014, Judge Bethancourt signed a written judgment in accordance with his oral ruling, sustaining the various exceptions and ordering the dismissal of Mrs. Normand’s suit against the Molineres.
Six days later, on April 28, 2014, Mr. Normand filed a motion to dismiss the first lawsuit on the ground of abandonment as an “interested party.” Mr. Normand submitted that no parties had taken a step in the prosecution or defense of the matter since May 12, 1993, i.e., the date Judge Wimbish signed the consent judgment. The following day, on April 29, 2014, Mrs. Normand filed a motion for new trial on the exceptions in the second lawsuit. Judge Bethancourt held a joint hearing on the motions, and, on June 13, 2014, signed a judgment denying Mr. Normand’s motion to dismiss the first lawsuit on the ground of abandonment and denying Mrs. Normand’s motion for new trial in the second lawsuit.
On September 5, 2014, Mr. Normand filed a petition for declaratory judgment against the Molineres bearing the docket number of the first lawsuit (docket no. 81,266). In his petition, Mr. Normand stated that Mr. Molinere had filed the original petition in the. suit in October of 1985; that a consent judgment had been filed in the record in May of 1993; and that, | ¿more recently, “considerable controversy” had arisen regarding the parties’ ownership interests in the subject property. Mr. Normand therefore prayed for a declaratory judgment “clarifying the parties’ ownership interest in the tract of land which is the subject of this suit[,]” as well as “[a]ll general and equitable relief.”..
The Molineres answered Mr. Normand’s petition and filed declinatory exceptions of insufficiency of citation, insufficiency of service of process, including failure to request service of citation on the defendant, and failure to request service of petition; dilatory exceptions of want of amicable demand, unauthorized use of summary proceeding, nonconformity of the petition with any of the requirements of La. C.C.P. art. 891, vagueness or ambiguity of the petition, lack of procedural capacity, and improper joinder of parties; and peremptory exceptions of res judicata, nonjoinder of a party, no cause of action, , and no right of action or interest to institute the suit. In their answer, the Molineres requested that Mr. Normand be assessed with all costs and reasonable attorney fees incurred in defense of the matter.
On February 4, 2015, Mr. Normand filed an amended and supplemental petition for declaratory judgment against the Molin-eres. In his amended petition, Mr. Normand described the subject property with particularity through .incorporation of the description of the property first provided by Mr. Molinere in the first lawsuit In addition, Mr. Normand restated the allegations, set forth in Mr. Molinere’s original petition, and he repeated his prayer for a declaratory judgment “clarifying the parties’ ownership interests in ‘the property’ which is the subject of this suit[,]” and for “[a]ll general and equitable relief.”
The Molineres answered Mr. Normand’s amended petition and resubmitted the aforementioned several exceptions. In their answer, the |flMoIineres specifically prayed that Mr. Normand and/or his counsel be sanctioned pursuant to La. C.C.P. art. 863 for “repeated filings of pleadings, including this latest, as well as other plead *892 ings filed the past two years in the consolidated cases ... that have repeatedly failed to follow proper Louisiana law of procedure and substance[.]” Mr. Normand opposed the exceptions and request for sanctions.
On June 26, 2015, the parties appeared before Judge Bethancourt for a hearing on the Molineres’ exceptions and request for sanctions, whereupon the parties agreed to submit the matter for consideration on the briefs without the necessity of oral argument. On July 10, 2015, Judge Bethancourt signed a judgment sustaining the several exceptions, dismissing Mr. Normand’s petition for declaratory judgment, and granting the Molineres’ request for sanctions. The trial court ordered Mr. Normand to pay $5,940.00 in attorney fees and $956.70 in costs to counsel for the Molineres.
Mr. Normand timely filed a motion for new trial. Mr. Normand argued that the trial court’s judgment was contrary to the evidence, and he submitted that the Molin-eres had improperly amended their request for sanctions by adding a claim for fees and costs in a hasty and confusing manner at trial. Judge Bethancourt held a hearing on the motion for new trial, and, on October 5, 2015, signed a judgment denying the motion for new trial and ordering Mr. Normand to bear all costs associated with the motion. Mr. Normand now appeals.[3]
ASSIGNMENTS OF ERROR
Mr. Normand raises the following assignments of error:
|71. The trial court erred by refusing to construe its own judgment.
2. The trial court erred by refusing to issue a declaratory judgment construing its own judgment.
8. The trial court erred by sustaining the Molineres’ exceptions.
4. The trial court erred by dismissing Mr. Normand’s petition for declaratory judgment.
5. The trial court erred by imposing egregious and punitive sanctions for attorney fees and costs that effectively barred Mr. Normand from seeking any remedy with the trial court.
6. The trial court erred by failing to articulate its own reasons for refusing to construe its own judgment.
7. The trial court erred by failing to state the authority under which the sanctions were imposed.
DISCUSSION

Declaratory Judgment

In his first, second, third, and fourth assignments of error, taken together, Mr. Normand argues that the trial court erred in refusing to render a declaratory judgment. Mr. Normand suggests that the trial court abused its discretion in declining to construe its own consent judgment, and he avers that the trial court erred in sustaining the several exceptions and dismissing his petition for declaratory judgment.
Louisiana Code of Civil Procedure art. 1871 sets forth the scope of a declaratory judgment:
Courts of record within them respective jurisdictions may declare rights, status, *893 and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
Louisiana Code of Civil Procedure art. 1872 designates who can bring an action for declaratory judgment:
|SA person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.
The purpose of the declaratory judgment articles of the Louisiana Code of Civil Procedure is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered. La. C.C.P. art. 1881; Blanchard v. Blanchard, 12-0106 (La.App. 1 Cir. 12/31/12), 112 So.3d 243, 255, writ denied, 13-0488 (La. 4/12/13), 111 So.3d 1013. We review a trial court’s decision to grant or deny a declaratory judgment under the “abuse of discretion” standard of review. Mai v. Floyd, 05-2301 (La.App. 1 Cir. 12/6/06), 951 So.2d 244, 245, writ denied, 07-0581 (La. 5/4/07), 956 So.2d 619.
The filing of a petition for declaratory judgment does not automatically entitle a petitioner to declaratory judgment relief. In re Melancon, 05-1702 (La. 7/10/06), 935. So.2d 661, 665. Louisiana Code of Civil Procedure art. 1876 states that a trial court may refuse to render a declaratory judgment or decree if such judgment or decree would not terminate the uncertainty or controversy giving rise to thé proceeding. Moreover, there must exist a concrete, justiciable controversy framing the facts in order to avoid the rendering of an advisory opinion. Peterson v. Louisiana Public Service Comm’n, 94-2478 (La.App. 1 Cir. 10/6/95), 671 So.2d 460, 461.
In the context of a petition for declaratory judgment, a “justiciable controversy” connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute Rwhich involves the legal relations of parties with real adverse interests, upon which the judgment of the court may effectively operate through a decree of conclusive character. Abbott v. Parker, 259 La. 279, 249 So.2d 908, 918 (1971). The petitioner must have a legally protectable and tangible interest in the suit, and the dispute presented should be of sufficient immediacy and reality, in order to warrant the issuance of a declaratory judgment. Id.
The justiciable controversy requirement is related to the exceptions of no right of action and no cause of action, insofar as “there is no right or 'cause of action [for declaratory judgment] when there is no justiciable controversy.” Ricard v. State, 544 So.2d 1310, 1312 (La. App. 4 Cir. 1989) (citing Abbott, supra).
In the case at bar, we find that Mr. Normand lacks a legally protectable and tangible interest in the subject matter of the suit necessary to warrant the issuance of a declaratory judgment. Mr. Normand requested the trial court render a declaratory judgment clarifying the parties’ ownership interests in the subject property on *894 the basis that controversy had arisen concerning the ownership of the property. However, unlike his wife, who claimed a right and interest in the subject property in the second lawsuit as the heir of Mr. Lapeyrouse, Mr. Normand did not assert any personal right or ownership interest in the subject property. Mr. Normand was not a party to the first lawsuit, nor did he appear in the quality of a successor-in-interest to any of the original parties to the first lawsuit. The mere existence of a dispute concerning the ownership of the subject property does not constitute a concrete and particularized invasion of a legally protectable interest, vis-á-vis Mr. Normand, sufficient to maintain his petition for declaratory judgment. Since this case does not present a justiciable controversy, the trial court did not err in sustaining the exceptions of no right of action and no | mcause of action.[4] Having found that the trial court did not err in dismissing the petition for declaratory judgment on this basis, we -pretermit consideration of the several remaining exceptions.

Sanctions

In his fifth, sixth, and seventh assignments of error, taken together, Mr. Normand argues that the trial court erred in sanctioning him pursuant to La. C.C.P. art. 863. Mr. Normand contends .that the sanctions were egregious and punitive, and he further avers that the trial court failed to explain the basis for the sanctions imposed against him.
Louisiana Code of Civil Procedure art. 863 provides:
A.Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, -information, and belief formed after reasonable inquiry, he certifies all of the following:
(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
| n(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
*895 D. If, upon motion of any party or upon its own motion, the court determines .that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.
Louisiana Code of Civil Procedure art. 863 imposes an obligation upon litigants and their attorneys to make an objectively reasonable inquiry into the facts and law. Carrollton Presbyterian Church v. Presbytery of S. La. of Presbyterian Church (U.S.A.), 14-1214 (La.App. 1 Cir. 3/9/15), 172 So.3d 1, 8, writ denied, 15-0682 (La. 5/22/15), 171 So.3d 257. The article does not empower a trial court to impose sanctions simply because a particular argument or ground for relief is found to be unjustified; the failure to prevail does not trigger an award of sanctions. Id. Article 863 is intended to be used only in exceptional circumstances, Carrollton Presbyterian Church, 172 So.3d at 8, and endeavors to strike a balance between the need to curtail abuse of the legal system and the need to encourage creativity and | ^vitality in the law. Lafourche Parish Council v. Breaux, 02-1565 (La.App. 1 Cir. 5/9/03), 845 So.2d 645, 648.
In an appeal from a judgment imposing sanctions against a litigant under La. C.C.P. art. 863, we apply two distinct standards of review. The trial court’s factual finding of a violation of La. C.C.P. art. 863 is reviewed under the “manifest error” or “clearly wrong” standard of review. See Lafourche Parish Council, 845 So.2d at 648. The trial court’s determination of the type and/or amount of sanctions awarded is reviewed under the “abuse of discretion” standard of review. See Slaughter v. Bd. of Sup’rs of Southern University & Agr. & Mech. College, 10-1114 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 469-70, writ denied, 11-2112 (La. 1/13/12), 77 So.3d 970.
In the case at bar, we first find that the trial court did not commit manifest error in sanctioning Mr. Normand. Pursuant to La. C.C.P. art. 863(G), the trial court was required to describe the sanctionable conduct and explain the basis for the sanctions awarded. Although the trial court did not issue its own written reasons for judgment, in the judgment granting the exceptions and request for sanctions, the trial court stated: “[T]he exceptions and request for sanctions are well-taken and should be GRANTED ... for reasons ex-ceptors assigned in brief and attached hereto, which the Court adopts as its reasons.” (emphasis in original). The trial court attached to its judgment a copy of the Molineres’ memorandum in support of their exceptions to Mr. Normand’s amended petition and request for sanctions.
In the memorandum, the Molineres argued that Mr. Normand should be sane- *896 tioned for his “repeated unbased and deficient filings....” The Molineres set forth the lengthy procedural history of the dispute, including) 1S the various pleadings submitted by Mr. Normand and his wife, Mrs. Normand, as well as the costs incurred by them in the defense of the matter. The Molineres specifically pointed out, inter alia, that Mr. Normand’s original and amended petition failed to name any defendants, failed to plead a cognizable cause of action, failed to establish standing, and addressed the same central issues previously adjudicated in the second lawsuit filed by Mrs. Normand.
Initially, we caution that the failure to state a cognizable right or cause of action does not automatically trigger an award of sanctions under La. C.C.P. art. 863. Moreover, we recognize that the memorandum adopted as reasons for judgment does not reflect the trial court’s “inner thoughts.” See and compare Carrollton Presbyterian Church, 172 So.3d at 6-7 (recognizing the tenuous “real value” of written reasons for judgment prepared by counsel, but declining to reject these reasons where there was evidence in the record to support same). However, when considered along with the other evidence in the record, the memorandum provides a reasonable factual basis to support the trial court’s imposition of sanctions against Mr. Normand.
Specifically, the memorandum indicates the trial court may have reasonably concluded Mr. Normand violated La. C.C.P. art. 863(B)(1) by filing the motion to dismiss on the ground of abandonment and the original and amended petition without proper purpose. Likewise, the tidal court may have reasonably concluded Mr. Normand violated La. C.C.P. art. 863(B)(2) by submitting various claims and legal assertions unwarranted by existing law or by a nonfriviolous argument for the extension, modification, or reversal of existing law. The needless perpetuation and/or continued and unmerited pursuit of litigation establishes a proper basis to support theju imposition of sanctions against a litigant. See Koussanta v. Dozier, 16-45 (La.App. 5 Cir. 5/26/16), 196 So.3d 60, 66-67, writ denied, 16-1214 (La. 9/6/16), 205 So.3d 917; Acosta v. B & B Oilfield Services, Inc., 12-122 (La.App. 3 Cir. 6/6/12), 91 So.3d 1263, 1268. Thus, we cannot say that the trial court manifestly erred in sanctioning Mr. Normand.
Although the trial court did not err in sanctioning Mr. Normand, we are nevertheless constrained to conclude that the trial court’s award of sanctions constitutes an abuse of discretion. Louisiana Code of Civil Procedure art. 863(D), as quoted above, authorizes an award of sanctions which may include an order to pay to the other party “the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.” Generally speaking, an award of attorney fees and costs under La. C.C.P. art. 863 is penal in nature and, as such, must be strictly construed. See SWC Services, LLC v. Echelon Const. Services, LLC, 10-1113 (La.App. 1 Cir. 2/11/11), 56 So.3d 1254, 1257.
Four factors have evolved that must be considered in arriving at an appropriate sanction award, including: 1) the conduct being punished or sought to be deterred by this sanction; 2) the expenses or costs caused by the violation of the rule; 3) whether the costs or expenses are “reasonable” as opposed to self-imposed, miti-gatable, or the result of delay in seeking court intervention; and 4) whether the sanction is the least severe sanction adequate to achieve the purpose of the rule under which it was imposed. Cloud v. Barnes, 47,764 (La.App. 2 Cir. 4/17/13), *897 116 So.3d 67, 75-76, writ denied, 13-1304 (La. 9/27/13), 122 So.3d 1006.
In the memorandum adopted as reasons for judgment by the trial court, the Molin-eres alleged that they had “incurred court costs just since [retaining counsel] of almost $1,000.00, and attorney fees ... in excess of |1fi$5,000.00.... ” In support of their request for attorney fees and costs, the Molineres provided an affidavit and comprehensive billing statement from the secretary for their attorneys. The secretary testified that the Molineres had incurred total costs in the amount of $6,896.70, which represented the sum of $5,940.00 in attorney fees and $956.70 in court costs. The trial court accepted the evidence offered by the Molineres and ordered Mr. Normand to pay $6,896.70 in sanctions to the Molineres’ attorneys.
The memorandum and billing statement make it clear that the Molineres requested and were awarded reimbursement for all costs and fees incurred by them in defense of the entire dispute beginning in October of 2013; that is, the Molineres were reimbursed not only for those costs incurred in defense of the sanctionable pleadings filed by Mr. Normand in the first lawsuit, but also for those costs incurred in defense of the second lawsuit filed by Mrs. Normand. The trial court therefore failed to differentiate between the separate and distinct pleadings in sanctioning Mr. Normand and, in doing so, failed to arrive at an appropriate award based upon the conduct being punished and the expenses and costs incurred as a result of the violation of La. C.C.P. art. 863.
Consequently, we find that the trial court abused its discretion in sanctioning Mr. Normand in the sum of $6,896.70, and we reduce the total sanctions award to $2,303.76. The amended award encompasses those costs and attorney fees incurred by the Molineres after April 28, 2014, the date Mr. Normand filed the motion to dismiss the first lawsuit on the ground of abandonment. The amended award excludes $4,342.94 in costs and fees incurred in the defense of the second lawsuit filed by Mrs. Normand. The amended award also excludes $250.00 in attorney fees Mr. Normand was ordered to pay in the June 16, 2014 judgment denying his motion to dismiss w the first lawsuit on the ground of abandonment, which exclusion is necessary to avoid rendering a duplicative award of attorney fees. See generally Advanced Quality Construction, Inc. v. Amtek of La., Inc., 16-0359 (La.App. 1 Cir. 10/28/16), 2016 WL 6330424, *5 (unpublished) (“Attorney’s fees that are duplica-tive are not reasonable and are disallowed under Louisiana law.”).
Finally, we must address herein the decretal language of the trial court’s judgment, which ordered Mr. Normand to pay the sanctions award “to The Schwab Law Firm.” Louisiana Code of Civil Procedure art. 863(D) affords the trial court with the option of imposing the sanction on the person who made the certification or the represented party, or both, but restricts payment of the sanction to the other party or parties. Green v. Wal-Mart Store No. 1163, 96-1124 (La.App. 4 Cir. 10/17/96), 684 So.2d 966, 968. Accord SWC Services, LLC, 56 So.3d at 1257. Thus, the trial court patently erred in directing that the sanctions be made payable to counsel for the Molineres, and we amend the trial court’s judgment to provide that the sanctions be made payable to the Molineres, as movants on the request for sanctions against Mr. Normand.

Additional Award of Attorney Fees

In their appellate brief, the Molin-eres request this court award them additional attorney fees and costs for the work associated with answering and defending *898 this appeal. Additional attorney fees are usually awarded on appeal when a party appeals, obtains no relief, and the appeal has necessitated additional work on the opposing party’s counsel, provided that the opposing party appropriately requests an increase. Namias v. Sunbelt Innovative Plastics, LLC, 15-1380 (La.App. 1 Cir. 2/24/16), 190 So.3d 745, 757, writ denied, 16-0482 (La. 5/2/16), 212 So.3d 1168, 2016 WL 7714794 (citing Quick v. Terrebonne Gen. Med. Ctr., 09-1101 (La.App. 1 Cir. 2/10/10), 35 So.3d 287, 290-91). Here, the Molineres failed to follow proper appellate procedure in submitting their request for an award of additional attorney fees, since they did not appeal the trial court’s judgment or answer Mr. Normand’s appeal. See La. C.C.P. art. 2133; Starr v. Boudreaux, 07-0652 (La.App. 1 Cir. 12/21/07), 978 So.2d 384, 392. Thus, the Molineres are not entitled to an increase in attorney fees for defending this appeal. See Brown v. Harmony, L.L.C., 05-0747 (La.App. 1 Cir. 3/24/06), 934 So.2d 99, 101-02.
DECREE
For the foregoing reasons, we amend the trial court’s July 10, 2015 judgment to reduce the sanctions award to $2,303.76, which sum shall be made payable to the appellees, Teresa R. Molinere Leone, Nancy Sue Molinere Chaisson, Mary B. Molinere Domangue, Mary Ellery Molin-ere Domangue, A1 Lindsey Molinere, Joseph Easton Molinere, Joseph Patrick Molinere, and Terry W. Molinere. In all other respects, the trial court’s judgment is affirmed. All costs of this appeal are assessed to the appellant, Donald Normand.
AMENDED; AFFIRMED AS AMENDED.

. The following individuals and/or entities were named as defendants in the first lawsuit: Junius J. Lapeyrouse; the Estate of Wilfred J. King, and his heirs; Furoiland Corporation; the Estate of J. Louis Watkins, and his heirs; Huge Paul St. Martin, Jr.; Rhea M. St. Martin; Trust Estate of Roy J. St. Martin; Roy J. St. Martin, Jr.; Eugene C. St. Martin; Roy J. St. Martin, Inc.; Earl Lapeyrouse; Rene La-peyrouse; Lucille Lapeyrouse Allen; Estelle Lapeyrouse Chauvin; Irene Lapeyrouse Pahlke; Rita Mae Lapeyrouse Talbot; Theodore Lapeyrouse; Gwinette Lapeyrouse Pi-cou; Glynn Paul Lapeyrouse; and Frank Wurzlow, Jr.

. Mr. and Mrs. Normand were represented by the same attorney.

. The sole matters reviewable in this appeal are those issues adjudicated in the trial court’s judgments signed on July 10, 2015 and October 5, 2015. The record indicates that Judge Bethancourt signed a supplemental judgment granting the Molineres additional sanctions on December 9, 2015. However, this judgment is not before us on appeal, since Judge Bethancourt signed the order granting Mr. Normand a devolutive appeal several days earlier, on December 2, 2015.

. Because Mr. Normand has already been permitted to amend his petition in order to set forth facts sufficient to state a right and cause of action, there was no error by the trial court in not allowing him another opportunity to amend his petition under La. C.C.P. art. 934. See Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds, 04-1697 (La.App. 3 Cir. 5/4/05), 909 So.2d 619, 627; Scamardo v. Dunaway, 96-1036 (La.App. 5 Cir. 4/29/97), 694 So.2d 1041, 1043, writ denied, 97-1395 (La. 9/5/97), 700 So.2d 517; Dubroc v. Allstate Ins. Co., 93-780 (La. App. 3 Cir. 3/2/94), 633 So.2d 861, 865-66 (on rehearing).