STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0302

SUCCESSION OF JOSEPHINE BURGESS ROBINSON

CHH

Judgment Rendered: **FEB 2 1 2024**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Trial Court No. 17844

Honorable Erika Sledge, Judge Presiding

* * * * *

Michael A. Betts
Denham Springs, LA

Attorney for Appellant,
Barbara J. Robinson

D. Blayne Honeycutt
Hannah H. Calandro
Denham Springs, LA

Attorneys for Appellee,
Charles Anthony Lee

* * * * *

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

**HESTER, J.**

In this succession proceeding, Barbara Robinson appeals the trial court judgment ordering her to pay sanctions pursuant to La. Code Civ. P. art. 863 to Charles Lee. For the following reasons, we vacate the portion of the judgment imposing sanctions and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Josephine Burgess Robinson died intestate on December 18, 2018. She had five children: Barbara Robinson, Wanda Robinson Lee, Madelyn Robinson, Josef Robinson, and Jasmine Robinson. On October 29, 2020, Barbara Robinson filed a Petition for Possession stating that Wanda Lee predeceased Josephine Robinson and had no children. She further stated that the remaining children are the only heirs of the deceased and are entitled to ownership of all the property belonging to the succession of Josephine Robinson equally and indivision. On November 5, 2020, a Judgment of Possession was rendered recognizing Barbara Robinson, Madelyn Robinson, Josef Robinson, and Jasmine Robinson as the sole heirs of the succession of Josephine Robinson and sending them into possession of an equal, undivided ownership over all the property belonging to the estate of Josephine Robinson. That same day, an order was signed recognizing Barbara Robinson as the Executrix of the Succession of Josephine Robinson.

On December 14, 2020, Charles Lee, the surviving spouse of Wanda Lee, filed a "Petition to Nullify Judgment of Possession, to Issue Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, and for Costs and Attorney Fees." In his petition, Charles Lee contended that the November 5, 2020 judgment of possession was obtained by fraud and/or ill practices because it was procured through the perjured testimony of Barbara Robinson. Specifically, Charles Lee asserted that in the petition for possession, Barbara Robinson falsely stated that Wanda Lee predeceased Josephine Robinson. Charles Lee attached the Certified

2

Death Certificate of Wanda Lee showing that Wanda Lee passed on May 10, 2020, which was after the death of Josephine Robinson on December 18, 2018. Charles Lee alleged that Wanda Lee died testate, leaving the entirety of her estate to him, and that if it were not for the perjured testimony of Barbara Robinson, the Estate of Wanda Lee would not have been deprived of the portion of Josephine Robinson's estate to which it is entitled. Further, Charles Lee alleged that after notifying counsel for the succession of this issue, he was sent a "30 day Notice to Vacate" letter alerting him that a probate was filed on Josephine Robinson's behalf and the ownership of the property where he currently resides, 421 Central Street, that was previously owned by Josephine Robinson had been transferred to Josephine Robinson's heirs. Charles Lee requested a temporary restraining order prohibiting the heirs of Josephine Robinson from disturbing him, his property, and his residence.

In his petition, Charles Lee also contended that Josef Robinson and Jasmine Robinson were allegedly adopted by Josephine Robinson, but no proof of the adoption was submitted to the court, "which could thereby cause the Judgment of Possession to further be rendered under fraudulent pretenses." On March 26, 2021, Charles Lee amended his petition to request that the court revoke Barbara Robinson's appointment as Executrix of the Succession.

On March 30, 2021, the parties entered a Stipulated Judgment ordering Barbara Robinson to amend all necessary pleadings to cure the deficiency of omitting Wanda Lee as an heir to the property of Josephine Robinson; ordering Barbara Robinson to provide proof that Josephine Robinson successfully adopted Josef Robinson and Jasmine Robinson; issuing a temporary restraining order enjoining Barbara Robinson and the other heirs from disturbing Charles Lee's property and residence at 421 Central Street; and reserving Charles Lee's claims for court costs and attorney fees for trial.

3

The trial on attorney fees and costs was held on November 12, 2021. After the trial, the trial court issued Reasons for Judgment, finding that the testimony at trial clearly established that Barbara Robinson knew that her sister, Wanda Lee, had not predeceased her mother and that Wanda Lee was married to Charles Lee at the time of her death. The trial court ruled that the November 5, 2020 judgment of possession be annulled due to ill practice; that Charles Lee be awarded court costs in the amount of $2,161.53 and attorney fees in the amount of $5,200.00; that Barbara Robinson be removed as the administrator of the Estate of Josephine Robinson for failure to act as a prudent administrator; and that Madelyn Robinson be appointed as the administrator of the Estate of Josephine Robinson, without bond. A judgment in conformance with the trial court's ruling was signed on January 19, 2022.

Thereafter, Barbara Robinson filed a motion for new trial, contending that the January 19, 2022 judgment was clearly contrary to the law and failed to consider several factors. Charles Lee opposed the motion for new trial and requested sanctions, contending that Barbara Robinson's motion for new trial was frivolous and violated three of the four affirmative duties in La. Code Civ. P. art. 863. In his motion, Charles Lee argued that Barbara Robinson failed to provide any justification that the January 19, 2022 judgment was contrary to law and failed to cite any law in her motion.

The matter was set for April 11, 2022, but was continued due to the health of Barbara Robinson's counsel. It was subsequently reset for August 15, 2022. On August 12, 2022, counsel for Barbara Robinson requested that the hearing be continued through a written motion. The trial court denied the request for a continuance, and Barbara Robinson's motion for new trial and Charles Lee's request for sanctions were heard without Barbara Robinson or her counsel in attendance. After a brief hearing, the trial court denied Barbara Robinson's motion for new trial,

4

granted Charles Lee's request for sanctions, and ordered Barbara Robinson to pay Charles Lee $2,500.00 in sanctions and $264.42 in additional costs. A judgment was signed in conformance with her ruling on September 21, 2022. It is from the September 21, 2022 judgment that Barbara Robinson appeals, contending that the trial court erred in awarding sanctions because the motion for new trial did not violate the requirements of La. Code Civ. P. art. 863, and the trial court did not describe the sanctionable conduct or explain the basis for the imposition of sanctions as required by La. Code Civ. P. art. 863(G). Barbara Robinson did not challenge the trial court's denial of her motion for new trial.

## LAW AND ANALYSIS

Louisiana Code of Civil Procedure article 863 authorizes a court to impose sanctions upon an attorney, or a represented party, who signs pleadings without making an objective reasonable inquiry into the facts and the law. **Bourgeois v. Bourgeois**, 2023-0038 (La. App. 1st Cir. 9/13/13), 135 So.3d 1, 5. writ not considered, 2013-2439 (La. 1/27/14), 130 So.3d 954. To impose sanctions, a trial court must find that one of the affirmative duties imposed by Article 863 has been violated. **Bourgeois**, 135 So.3d at 6. Article 863 provides, in pertinent part:

> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
>
> (1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>
> (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
>
> (3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

With regard to the imposition of sanctions, Article 863 further provides:

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
***

G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

Article 863(G) mandates a court imposing sanctions to describe the conduct the court determined to constitute a violation of Article 863 and explain the basis for the sanctions imposed. See La. R.S. 1:3, ("The word 'shall' is mandatory"). During the brief hearing, the trial court noted the motions before the court, including the motion for new trial and the request for sanctions. The trial court concluded, "I have read all the motions. Considering that there's no opposition, I'm going to deny the motion for new trial." The trial court then asked counsel for Charles Lee the amount of attorney fees that were expended in preparation, and Charles Lee's attorney responded. The trial court then stated, "I'm going to award attorney fees as sanctions as requested in your motion in the amount of $2,500." The judgment provides that "Charles Anthony Lee's request for sanctions be and is hereby GRANTED."

The trial court did not describe the conduct it determined to constitute a violation of Article 863 or explain the basis for the sanctions imposed in the oral reasons for judgment or in the judgment. Since the trial court failed to explain the basis for the imposition of sanctions, this court cannot determine what affirmative

6

duties imposed by Article 863 the trial court found Barbara Robinson to have violated.[1] Although Article 863 does not prescribe the specific consequence that will follow from the trial court's non-compliance with Article 863(G), we conclude that the most appropriate action is to vacate that portion of the judgment which imposed sanctions and remand the matter to the trial court to describe the conduct it determined to constitute a violation of the provisions of the Article and explain the basis for the sanction imposed as required by Article 863(G).

## CONCLUSION

For the foregoing reasons, the September 21, 2022 judgment is vacated insofar as it imposed sanctions, and the matter is remanded for the trial court to comply with La. Code Civ. P. art. 863(G).[2] All costs of the appeal are divided evenly between Appellant, Barbara Robinson, and Appellee, Charles Lee.

**VACATED AND REMANDED.**

---

[1] This case is distinguishable from **Molinere v. Lapeyrouse**, wherein the trial court explicitly adopted the memorandum of the exceptor stating, "[T]he exceptions and request for sanctions are well-taken and should be GRANTED ... for reasons exceptors assigned in brief and attached hereto, *which the Court adopts as its reasons.*" (Emphasis in original.) **Molinere v. Lapeyrouse**, 2016-0991 (La. App.1st Cir. 2/17/17), 214 So.3d 887, 895.

[2] The denial of the motion for new trial was not before this court on appeal.