STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 1167

DR. RALPH SLAUGHTER, ON BEHALF OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED

VERSUS

LOUISIANA STATE EMPLOYEES' RETIREMENT SYSTEM, ITS
FIDUCIARIES, ABC INSURANCE COMPANY, THE CLERKS OF COURT
FOR ALL DISTRICT, APPELLATE, AND SUPREME COURTS, THE
JUDICIAL ADMINISTRATOR, 123 INSURANCE COMPANY, AND XYZ
INSURANCE COMPANY

**Judgment Rendered:** OCT 0 3 2024

\* \* \* \* \* \*

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C727578

Honorable Kelly Balfour, Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Dr. Ralph Slaughter<br>Baton Rouge, LA | Plaintiff/Appellant<br>Pro Se |
| Harry Rosenberg<br>New Orleans, LA<br><br>And<br><br>Sheri M. Morris<br>Baton Rouge, LA | Counsel for Defendants/Appellees<br>Sandra Vujnovich, the Judicial<br>Administrator for the Louisiana<br>Supreme Court; Veronica Koclanes,<br>Clerk of Court for the Louisiana<br>Supreme Court; and Rodd Naquin,<br>Clerk of Court for the Louisiana First<br>Circuit Court of Appeal |
| Vicki M. Crochet<br>Peyton T. Gascon<br>Baton Rouge, LA | Counsel for Defendants/Appellees<br>Barbara McManus, Ternisha<br>Hutchinson, LASERS Employee<br>Defendants, and LASERS Trustee<br>Defendants |

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.

**GUIDRY, C.J.,**

Dr. Ralph Slaughter appeals from a district court judgment sustaining a peremptory exception raising the objections of no right of action and no cause of action filed by defendants, Sandra Vujnovich, the Judicial Administrator for the Louisiana Supreme Court, Veronica Koclanes, Clerk of Court for the Louisiana Supreme Court, and Rodd Naquin, Clerk of Court for the Louisiana First Circuit Court of Appeal, and dismissing his claims against them with prejudice. Dr. Slaughter also appeals the portion of the district court's judgment denying his motion to recuse the district court judge. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The history of litigation between Dr. Slaughter and various defendants regarding the inclusion of supplemental pay in the calculation of his retirement benefit and in calculation of his terminal pay spans over ten years. The following recitation of facts and procedural history is set forth in Slaughter v. Board of Supervisors of Southern University and Agricultural and Mechanical College, 10-1049 (La. App. 1st Cir. 8/2/11), 76 So. 3d 438, writ denied, 11-2110 (La. 1/13/12), 77 So. 3d 970, (Slaughter I) and Slaughter v. Louisiana State Employees' Retirement System, 20-0881 (La. App. 1st Cir. 3/25/21), 322 So. 3d 839, writ denied, 21-00567 (La. 6/22/21), 318 So. 3d 706 (Slaughter II).

In 2006, the Southern University Board of Supervisors (Board) appointed Dr. Slaughter President of the Southern University System. In 2007, the Board and Dr. Slaughter entered into a two-year employment agreement whereby the parties agreed that Dr. Slaughter would receive a base salary of $220,000.00 per year and a salary supplement of $200,000.00 per year. When Dr. Slaughter's two-year contract expired in 2009, he retired from state employment with approximately thirty-five years of service. Thereafter, the Louisiana State Employees' Retirement System (LASERS) began paying Dr. Slaughter a monthly retirement benefit of $24,487.95,

2

which was calculated based upon Dr. Slaughter's earnings as reported to LASERS by the Board.

Dr. Slaughter subsequently filed suit against the Board for past due wages, specifically contesting the Board's calculation of terminal payments made to him. The trial court ruled that the Board miscalculated Dr. Slaughter's income base by including supplemental pay and expense allowances he received from the Board and further found that the Board should have calculated Dr. Slaughter's terminal pay and retirement benefits based solely on his annual base salary. This court examined the retirement statutes and La. Const. art. X, §10(A)(1)(b) and found "[f]rom our reading of these particular retirement statutes, it is clear that the legislature did not intend for supplemental pay or expense allowances to be included in the calculation of compensation for employees who are not law enforcement officers or firefighters and did not fall within the exception." Slaughter I, 10-1049 at p. 25-26, 76 So. 3d at 454. After rejecting Dr. Slaughter's remaining arguments, this court affirmed the district court's judgment, finding no error in the district court's determination that the salary supplement and expense allowances should not be used in the leave pay calculation. Slaughter I, 10-1049 at p. 28, 76 So. 3d at 455.[1]

As a result of the Slaughter I litigation, the Board became aware that it had erroneously included supplemental funds in Dr. Slaughter's earnings reported to LASERS. As such, the Board sent a letter to LASERS on January 22, 2010, advising LASERS of the error. When the Slaughter I decision became final, LASERS sent correspondence to Dr. Slaughter advising that it intended to retroactively reduce his retirement benefit starting June 1, 2012 due to an error made by the Board in the reporting of his earnings. Relying on La. R.S. 11:192, LASERS maintained that it

---

[1] While the district court ruled that supplemental pay and expense allowances should also not have been included in the calculation of Dr. Slaughter's retirement benefit, this court specifically noted that the issue of the calculation of Dr. Slaughter's retirement benefit was not before the court on appeal. Slaughter I, 10-1049 at 24, 76 So. 3d at 453.

may adjust benefits and further reduce the corrected benefit to recover overpayments.

Thereafter, Dr. Slaughter filed suit against LASERS seeking a writ of mandamus, injunctive relief, and a declaratory judgment confirming LASERS has no authority or ability to reduce his retirement benefits. Dr. Slaughter alleged that his retirement benefits should be calculated based on the entirety of his earnings, including salary supplements. The district court denied Dr. Slaughter's motion for a writ of mandamus, mandatory injunctive relief, and declaratory judgment and dismissed these claims against LASERS with prejudice. On appeal, this court addressed the issue of whether "earned compensation" as defined in La. R.S. 11:403(10) includes salary supplements. Relying on this court's findings in our previous opinion in Slaughter I, this court found that the district court was correct in concluding that "earned compensation" as defined in La. R.S. 11:403(10) does not include Dr. Slaughter's salary supplements. Slaughter II, 20-0881 at p. 11, 322 So. 3d at 847.

On January 10, 2023, Dr. Slaughter filed the instant action naming as defendants, LASERS and LASERS fiduciaries, including LASERS Board of Trustees, its individual members, its Executive Director, Chief of Staff, Chief Administrative Officer and Chief Investment Officer (Board of Trustee defendants). Dr. Slaughter also named generally the Clerks of Court of all district courts, appellate courts, and the supreme court in the State of Louisiana in their official capacity and the Judicial Administrator of the Louisiana Supreme Court in her official capacity. Dr. Slaughter alleged that LASERS is improperly including supplemental pay as a part of the earned compensation for judges, upon which their retirement benefits are calculated, and that this practice violates La. Const. art. X, §10(A)(1)(b). Dr. Slaughter alleged that this practice prevents the fund from being maintained on a sound actuarial basis and results in the payment of smaller and less frequent cost of

4

living adjustments (COLA) for LASERS members. Dr. Slaughter sought a declaratory judgment that La. R.S. 13:10.3, 11:1380, 11:1352, 11:558, 11:558.2, 11:560 and 11:553, which relate to supplemental pay for judges and its inclusion in calculating their retirement benefits, conflict with and violate La. Const. art. X, §10(A)(1)(b), which limits the inclusion of supplemental pay in calculating retirement benefits to law enforcement officers and firefighters as found by this court in Slaughter II. Dr. Slaughter also sought a declaratory judgment that it is unconstitutional for any LASERS members who are not law enforcement officers or firefighters to have supplemental pay included in the calculation of their retirement benefits. Dr. Slaughter sought to enjoin LASERS from continuing to deplete and divert assets of the fund by overpaying judges or other LASERS members by means of including supplemental pay in calculating their retirement benefits, in violation of La. Const. art. X, §10(A)(1)(b).

Dr. Slaughter further alleged that, notwithstanding the unconstitutional nature of La. R.S. 13:10.3, the clerks of all the courts in the state collect fees for every civil filing, to be used for an unconstitutional purpose, i.e., the payment of retirement contributions on supplemental compensation paid to judges. As such, Dr. Slaughter sought a declaratory judgment that the clerks of all district, appellate, and supreme courts in the state of Louisiana are in violation of the Louisiana Constitution in levying and collecting fees for every civil filing for the funding of the Judges' Supplemental Compensation Fund, which violates La. Const. art. X, §10(A)(1)(b). Dr. Slaughter further sought to enjoin the clerks of court from continuing to levy and collect fees for every civil filing for funding the Judges' Supplemental Compensation Fund. Finally, Dr. Slaughter sought damages to compensate him for monies paid in court costs and filing fees that were improperly charged for funding the Judges' Supplemental Compensation Fund.

5

In addition to his individual claims, Dr. Slaughter also alleged two purported class actions based on these same claims.

Thereafter, Dr. Slaughter filed a motion to recuse the district court judge assigned to the case alleging that all Louisiana judges have an interest in the litigation's outcome and there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner because the case challenges the constitutionality of judges' supplemental pay being included in the calculation of their retirement benefit.

On March 14, 2023, LASERS filed a peremptory exception raising the objections of res judicata, no cause of action, and nonjoinder of indispensable parties. Several LASERS Board of Trustee defendants, Charles Castile, Byron Decoteau, Jr., Shannon S. Templet, Thomas C. Bickham, Barbara McManus, and Ternisha Hutchinson (collectively with LASERS the "LASERS defendants") subsequently filed their own peremptory exception raising the objections of res judicata, no cause of action, and nonjoinder of indispensable parties, adopting and incorporating by reference the arguments advanced by LASERS.

Additionally, Sandra Vujnovich, the Judicial Administrator for the Louisiana Supreme Court, Veronica O. Koclanes, Clerk of Court for the Louisiana Supreme Court, and Rodd Naquin, Clerk of Court for the Louisiana First Circuit Court of Appeal, filed a peremptory exception raising the objections of no cause of action, no right of action, and lack of standing.

Following a hearing on Dr. Slaughter's motion to recuse and the defendants' peremptory exceptions, the district court signed a judgment denying Dr. Slaughter's motion to recuse, sustaining Ms. Vujnovich, Ms. Koclanes, and Mr. Naquin's exception raising the objections of no cause of action and no right of action, denying their exception raising the objection of lack of standing as moot, and dismissing Dr.

6

Slaughter's claims against these defendants with prejudice.[2] Dr. Slaughter now appeals from the district court's judgment.

## DISCUSSION

### Motion to Recuse

In addition to appealing the portion of the district court's judgment denying his motion to recuse the district court judge assigned to the case, Dr. Slaughter also filed multiple motions in this court to recuse not only the judges of this court, but also several ad hoc judges appointed by the Louisiana Supreme Court to hear the appeal of this matter. Recognizing the inability to resolve this matter through normal procedures, the Louisiana Supreme Court elected to assume jurisdiction over the recusal issue pursuant to its plenary authority under La. Const. art. V, §5(A), which grants the court "general supervisory jurisdiction over all other courts." Slaughter v. Louisiana State Employees' Retirement System, 24-00358, p. 2 (La. 5/21/24), 385 So. 3d 231, 232. Dr. Slaughter responded by filing a motion to recuse the justices of the Louisiana Supreme Court. After finding all of Dr. Slaughter's motions to recuse raise the same issues, the court considered the motions and denied *all* of Dr. Slaughter's motions to recuse the judges of the district court, court of appeal, and the supreme court under the Rule of Necessity. Slaughter, 24-00358 at pp. 3-5, 385 So. 3d at 233-234.

Because the supreme court's judgment ruled on *all* motions to recuse in this matter, we find Dr. Slaughter's arguments assigning error to the portion of the district court's judgment denying his motion to recuse the district court judge to be moot.

---

[2] The district court signed a separate judgment sustaining the LASERS defendants' exceptions raising the objection of res judicata, denying as moot their exceptions raising the objections of no cause of action and failure to join indispensable parties, and dismissing Dr. Slaughter's claims against these defendants with prejudice. Dr. Slaughter has separately appealed this judgment in Slaughter v. Louisiana State Employees' Retirement System, 2023CA1168.

## Exceptions of No Cause of Action and No Right of Action

The objection that a petition fails to state a cause of action is properly raised by the peremptory exception. La. C.C.P. art. 927(A)(5). The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the pleading by determining whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. City Bar, Inc. v. Edwards, 21-1437, p. 7 (La. App. 1st Cir. 8/30/22), 349 So. 3d 22, 28. The focus on an objection of no cause of action is whether the law provides a remedy against a particular defendant. City Bar, Inc., 21-1437 at p. 7, 349 So. 3d at 28.

The burden of demonstrating that the petition fails to state a cause of action is on the mover. Pierrotti v. Johnson, 11-1317, p. 7 (La. App. 1st Cir. 3/19/12), 91 So. 3d 1056, 1062. The objection is triable on the face of the pleading, and for purpose of determining the issues raised by the objection, the well-pleaded facts in the petition must be accepted as true. City Bar, Inc., 21-1437 at p. 7, 349 So. 3d at 28. Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff, unsupported by facts, will not set forth a cause or right of action. Reynolds v. Bordelon, 14-2362, p. 6 (La. 6/30/15), 172 So. 3d 589, 595. Because the objection of no cause of action raises a question of law, and the trial court's decision is based solely on the sufficiency of the petition, appellate review of the district court's ruling on an exception raising the objection of no cause of action is *de novo*. Reynolds, 14-2362 at p. 6, 172 So. 3d at 595.

The function of an objection of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted. Eagle Pipe and Supply, Inc. v. Amerada Hess Corporation, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, p. 6 (La. 10/25/11), 79 So. 3d 246, 255. The objection assumes that the cause of action asserted is valid and tests whether the plaintiff has an interest in judicially enforcing it. The question is simply whether the

plaintiff has a right to sue the defendant to enforce the claim. St. Cyr v. St. Cyr, 16-0896, p. 2 (La. App. 1st Cir. 2/21/17), 215 So. 3d 283, 285, writ denied, 17-0511 (La. 3/31/17), 217 So. 3d 357. The party raising the objection of no right of action bears the burden of proof. Pearce v. Lagarde, 20-1224, p. 10 (La. App. 1st Cir. 10/7/21), 330 So. 3d 1160, 1167, writ denied, 22-00010 (La. 2/22/22), 333 So. 3d 446. To prevail on a peremptory exception pleading the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or the legal capacity to proceed with the suit. Pearce, 20-1224 at p. 10, 330 So. 3d at 1167. Evidence supporting or controverting an exception raising the objection of no right of action is admissible; however, in the absence of evidence to the contrary, the averments of fact in the pleadings will be taken as true. JP Morgan Chase Bank, N.A. v. Boohaker, 14-0594, p. 6 (La. App. 1st Cir. 11/20/14), 168 So. 3d 421, 426. Whether a plaintiff has a right of action is also a question of law and is reviewed on appeal *de novo*. Eagle Pipe and Supply, 10-2267 at p. 7, 79 So. 3d at 256. Where doubt exists as to the appropriateness of an exception raising the objection of no right of action, this court must resolve that doubt in favor of finding a right of action. George v. Terry, 23-0582, p. 5 (La. App. 1st Cir. 11/3/23), 378 So. 3d 111, 116.

In the instant action, Dr. Slaughter sought declaratory relief, injunctive relief, and damages against the clerks of court for all Louisiana district courts, appellate courts, and the supreme court based upon their collection of fees for every civil filing to be used for the Judges' Supplemental Compensation Fund. In particular, Dr. Slaughter sought a declaratory judgment that these clerks of court are in violation of the Louisiana Constitution by levying and collecting fees for every civil filing to fund the Judges' Supplemental Compensation Fund pursuant to La. R.S. 13:10.3, which he alleges violates La. Const. art. X, §10(A)(1)(b), and further sought to enjoin these clerks of court from continuing to levy and collect these fees.

9

A reading of Dr. Slaughter's *pro se* petition reveals that he clearly seeks a judgment declaring that La. R.S. 13:10.3, and other statutes related to the Judges' Supplemental Compensation Fund, are unconstitutional because they conflict with and violate La. Const. art. X, §10(A)(1)(b), which this court has found limits the inclusion of supplemental pay in the calculation of compensation for only law enforcement officers or firefighters. Dr. Slaughter stated this claim for relief in his petition with respect to the LASERS defendants, and the basis of his claim against the clerk of court defendants is his allegation that La. R.S. 13:10.3 is unconstitutional.

Courts have recognized that a declaratory judgment is an appropriate process to assess the constitutionality of a statute. See Westlawn Cemeteries, L.L.C. v. Louisiana Cemetery Board, 21-01414, p. 11 (La. 3/25/22), 339 So. 3d 548, 558. Louisiana Code of Civil Procedure article 1872 designates who can bring an action for declaratory judgment:

> A person ... whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Furthermore, there must exist a concrete, justiciable controversy, which in the context of a declaratory judgment, connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of parties with real adverse interests, upon which the judgment of the court may effectively operate through a decree of conclusive character. Abbott v. Parker, 259 La. 279, 249 So. 2d 908, 918 (1971). The petitioner must have a legally protectable and tangible interest in the suit, and the dispute presented should be of sufficient immediacy and reality in order to warrant the issuance of a declaratory judgment. Abbott, 249 So. 2d at 918. The justiciable controversy requirement is related to the objections of no right of action

and no cause of action, insofar as there is no right of action or cause of action when there is no justiciable controversy. Molinere v. Lapeyrouse, 16-0991, p. 9 (La. App. 1st Cir. 2/17/17), 214 So. 3d 887, 893.

Dr. Slaughter, in seeking a declaratory judgment against *these* defendants, has not set forth facts in his petition establishing a protectable interest in having La. R.S. 13:10.3 declared unconstitutional. As recognized by Dr. Slaughter in his petition, La. R.S. 13:10.3 creates the Judges' Supplemental Compensation Fund and finances the fund by levying a fee for every civil filing in the office of each clerk of city, parish, juvenile, family, district, appellate, and supreme court. The clerks of these courts, as also recognized by Dr. Slaughter, collect these fees. However, Dr. Slaughter has not alleged how the collection of these fees pursuant to La. R.S. 13:10.3 creates a justiciable controversy between him and the clerk of court defendants. Furthermore, although Dr. Slaughter names the judicial administrator for the supreme court as a defendant, he has not alleged any action on the part of the judicial administrator establishing a justiciable controversy nor has he sought specific relief against her in his petition. Accordingly, because Dr. Slaughter has failed to set forth facts establishing a justiciable controversy as to *these particular defendants*, we find his petition fails to set forth a right of action or a cause of action against them.[3]

## CONCLUSION

For the foregoing reasons, we affirm the portion of the district court's judgment sustaining the peremptory exception raising the objections of no cause of

---

[3] Louisiana Code of Civil Procedure article 934 provides, "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." Dr. Slaughter did not request the opportunity to amend his petition in the district court nor has he assigned any error to the district court's failure to allow him an opportunity to amend on appeal. As such, we find this issue to be waived. See Honeybee Holdings, LLC v. St. Tammany Parish Zoning Commission, 23-1051, p. 9 (La. App. 1st Cir. 5/31/24), __ So. 3d __, __; Martin v. Board of Adjustment, Through Chairman, 23-0658, p. 8 n.9 (La. App. 1st Cir. 2/23/24), 387 So. 3d 17, 22 n.9; Stolzle v. Clayton, 18-1641, p. 6 (La. App. 1st Cir. 7/11/19), 280 So. 3d 1240, 1244, writ denied, 19-01745 (La. 1/14/20), 291 So. 3d 679.

action and no right of action and dismissing Dr. Slaughter's claims against Sandra Vujnovich, the Judicial Administrator for the Louisiana Supreme Court; Veronica O. Koclanes, Clerk of Court for the Louisiana Supreme Court; and Rodd Naquin, Clerk of Court for the Louisiana First Circuit Court of Appeal. All costs of this appeal are assessed to Dr. Ralph Slaughter.

**AFFIRMED.**